IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDALL JENNINGS,

                    Petitioner,                OPINION and ORDER

    v.

                                                         15-cr-138-jdp

UNITED STATES OF AMERICA,                18-cv-802-jdp

                    Respondent.

---

        Randall Jennings has filed a motion for post-conviction relief under 28 U.S.C. § 2255 to challenge the sentence he received after he pleaded guilty to being a felon in possession of a firearm. Because Jennings had at least three prior convictions for "violent felonies" for purposes of the Armed Career Criminal Act, he was subject to a mandatory minimum term of 15 years' incarceration under 18 U.S.C. § 924(e). On appeal, Jennings argued unsuccessfully that his Minnesota convictions for simple robbery and felony domestic violence did not qualify as violent felonies. *United States v. Jennings*, 860 F.3d 450, 451 (7th Cir. 2017), cert. denied, 138 S. Ct. 701 (2018).

        In his § 2255 motion, Jennings again challenges his ACCA sentence. Recognizing that he procedurally defaulted claims that he could have, but did not, raise on direct appeal, Jennings frames his arguments as challenges to the effectiveness of his trial and appellate counsel. *See United States v. Moody*, 770 F.3d 577, 582 (7th Cir. 2014) (ineffective assistance claim "should be pursued in a collateral proceeding under 28 U.S.C. § 2255") (citing *Massaro v. United States*, 538 U.S. 500, 505 (2003) (ineffective assistance of counsel claims may be raised for the first time in a § 2255 proceeding)); *United States v. Bryant*, 754 F.3d 443, 444 (7th Cir. 2014) ("A claim of ineffective assistance need not, and usually as a matter of prudence

should not, be raised in a direct appeal, where evidence bearing on the claim cannot be presented and the claim is therefore likely to fail even if meritorious.").

Jennings argues that (1) trial counsel was ineffective by failing to argue that Jennings's prior convictions could not be used as predicate offenses under the ACCA because Jennings was not represented by counsel during the underlying criminal proceedings; and (2) appellate counsel was ineffective because she filed a petition for certiorari before the United States Supreme Court, rather than seeking *en banc* review by the Court of Appeals for the Seventh Circuit. After the government responded, Jennings filed a motion for leave to make a third argument—that his simple robbery conviction is not a violent felony because he was convicted only of "aiding and abetting" simple robbery.

I will grant Jennings's motion to file the third supplemental argument. But I am denying his motion for relief under § 2255 because he has failed to show that he received ineffective assistance of counsel.

ANALYSIS

A claim for ineffective assistance has two elements: deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Brown v. Finnan*, 598 F.3d 416, 422 (7th Cir. 2010). Performance is measured under an objective standard: whether counsel's conduct "fell outside the wide range of competent representation." *Swanson v. United States*, 692 F.3d 708, 714 (7th Cir. 2012). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Brady v. Pfister*, 711 F.3d 818, 823 (7th Cir. 2013). To satisfy the prejudice element in the sentencing context, Jennings must show that there is "a reasonable probability" that he would have received a lighter sentence but for

counsel's alleged errors. *Griffin v. Pierce*, 622 F.3d 831, 844 (7th Cir. 2010). Jennings argues that his counsel was ineffective in three ways, but each of his arguments is meritless.

First, Jennings argues that his predicate ACCA convictions for violent felonies should not have been considered because he does not remember being represented by an attorney for those convictions. Jennings argues that his trial counsel was ineffective for failing to discover and present to the court that he was not represented by counsel during the underlying state criminal proceedings. But Jennings has the burden of proving that his prior convictions are unconstitutional and cannot be used for purposes of the ACCA, *Kirkland v. United States*, 687 F.3d 878, 891 (7th Cir. 2012), and he has provided no evidence to support his argument that he was not represented by counsel during his state criminal proceedings. *See also United States v. Gallman*, 907 F.2d 639, 643 (7th Cir. 1990) ("For purposes of section 924(e)(1), we believe that once the government has shown that a defendant has three prior 'violent felony' convictions, the burden rests with the defendant to show that the conviction was unconstitutional.").

In contrast, the government has submitted evidence showing that Jennings was represented by counsel. The presentence investigation report prepared by the federal probation office states that Jennings was represented by counsel during each of the three criminal cases that provided the basis for his ACCA sentence. Dkt. 25 in 15-cr-138-jdp, at 17, 23. And the government has filed the state records from these convictions, each of which includes the name of the attorney who represented Jennings. Dkts. 4-1 (1992 simple robbery), 4-11 (2009 felony domestic assault), and 4-12 (2012 felony domestic assault). Jennings did not even respond to the government's evidence, so I could assume that he is conceding that his argument lacks merit. But even if he did not intend to abandon this argument, the government's evidence

confirms that Jennings's argument is frivolous. Because trial counsel is not obligated to make frivolous arguments, *United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004), Jennings has not shown that trial counsel was ineffective.

Jennings's second argument is that appellate counsel performed deficiently by failing to petition the full court of appeals for *en banc* review of the decision denying his appeal, rather than petitioning the Supreme Court for review as she did. But Jennings cannot show that the failure to file such a petition is deficient performance or constitutes prejudice. Under Federal Rule of Appellate Procedure 35, *en banc* review is disfavored and "ordinarily will not be ordered" unless "*en banc* consideration is necessary to secure or maintain uniformity of the court's decisions" or "the proceeding involves a question of exceptional importance." *See also Easley v. Reuss*, 532 F.3d 592, 594 (7th Cir. 2008) ("rehearings *en banc* are designed to address issues that affect the integrity of the circuit's case law (intra-circuit conflicts) and the development of the law (questions of exceptional importance)"). In this instance, there was no intra-circuit conflict because the panel's decision denying Jennings's appeal was consistent with the court's prior decisions concluding that Minnesota simple robbery and Minnesota felony domestic assault qualified as violent felonies under the ACCA. *See United States v. Maxwell*, 823 F.3d 1057 (7th Cir. 2016) (Minnesota simple robbery); *United States v. Ker Yang*, 799 F.3d 750 (7th Cir. 2015) (Minnesota felony domestic assault). And because the court of appeals had repeatedly rejected the arguments Jennings was raising, it is unlikely that the court would have considered Jennings's case to present a "question of exceptional importance."

Appellate counsel instead chose to file a certiorari petition with the United States Supreme Court because, as she explained in a letter to Jennings, several courts outside the Seventh Circuit had concluded that Minnesota simple robbery was not a violent felony. Dkt.

1 at 29 (counsel's letter to Jennings). Because only the Supreme Court can resolve a circuit split, appellate counsel's decision was strategic and reasonable. Jennings is not entitled to relief on this claim.

Jennings's third argument, which he included only in the supplement he filed after the government filed its response, is that trial counsel was ineffective for failing to argue that Jennings's 1992 simple robbery conviction was not a violent felony because he was charged on a theory that he "aided and abetted" simple robbery. Jennings argues that because he only aided and abetted the crime, his actions were not necessarily violent. He points to the record of his conviction from Minnesota's online court records, which states that Jennings was charged with "SR*SIMPLE ROBBERY (Aid/Abet — GOC)." Dkt. 4-1.[1] But this argument is meritless as well. According to online court records and the presentence investigation report, Dkt. 25 in 15-cr-138-jdp, at 17, the judgment of conviction states that Jennings was convicted after pleading guilty to violating Minn. Stat. § 609.24, "simple robbery." That is the only statute that Jennings was convicted of violating. The Court of Appeals for the Seventh Circuit held that Jennings's conviction for simple robbery qualifies as a violent felony because the simple robbery statute, § 609.24, "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Jennings*, 860 F.3d at 453. The court of appeals

---

[1] According to the Minnesota Department of Public Safety Bureau of Criminal Apprehension's website, Minnesota law enforcement agencies use various "offense codes" to qualify criminal offenses. The code "Aid/Abet" is a "general offense code." *See* https://dps.mn.gov/divisions/bca/Pages/statistics-reports-moc-codes.aspx. It is not clear from Jennings's online court record which law enforcement agency coded his conviction as "Aid/Abet." Under Minnesota state law, a defendant who aids and abets a crime can be convicted and punished as a principal if the defendant "intentionally aid[ed], advise[d], hire[d], counsel[ed], or conspire[d] with or otherwise procure[d] the other to commit the crime." Minn. Stat. § 609.05.

explained that "[t]he facts underlying Jennings' prior convictions are irrelevant." *Id.* Therefore, even if the state's theory at trial would have been that Jennings committed simple robbery by aiding and abetting another person, Jennings pleaded guilty and was convicted of violating § 609.24, which qualifies as a violent felony for purposes of the ACCA.

In sum, Jennings has failed to show that his counsel was ineffective or that he was sentenced improperly under the ACCA.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Jennings's motion under 28 U.S.C. § 2255 is without merit. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Randall Jennings's motion for leave to file a supplemental pleading, Dkt. 8, is GRANTED.

2. Jennings's petition under 28 U.S.C. § 2255 is DENIED.

3. Jennings is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered June 4, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge