IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDALL JENNINGS,

        Petitioner,       OPINION and ORDER

 v.

                       15-cr-138-jdp
UNITED STATES OF AMERICA,       18-cv-802-jdp

        Respondent.

---

   On June 4, 2019, I denied Randall Jennings's motion for postconviction relief under 28 U.S.C. § 2255. Dkt. 9. Jennings challenged the sentence he received after being convicted of being a felon in possession of a firearm on the grounds that (1) trial counsel was ineffective by failing to argue that Jennings's prior convictions could not be used as predicate offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because Jennings was not represented by counsel during the underlying criminal proceedings; (2) appellate counsel was ineffective because she filed a petition for certiorari before the United States Supreme Court, rather than seeking *en banc* review by the Court of Appeals for the Seventh Circuit; and (3) his 1992 Minnesota simple robbery conviction is not a violent felony because he was convicted only of "aiding and abetting" simple robbery. I concluded that none of Jennings's arguments had merit.

   Now Jennings as filed a motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure, arguing that I erred in rejecting his third argument about his simple robbery conviction. Dkt. 11. To prevail on a Rule 59(e) motion, Jennings must "clearly establish" (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precluded entry of judgment. *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d

587, 598 (7th Cir. 2012). But Jennings does not rely on any newly discovered evidence, and he has not met his burden to show a manifest error of law or fact.

Instead, Jennings repeats his argument that he was charged and convicted with aiding and abetting simple robbery, under Minn. Stat. § 609.05, and was not charged or convicted of simple robbery under Minn. Stat. § 609.24. But he has no evidence to support his argument. As I explained previously, according to online court records and the presentence investigation report, Dkt. 25 in 15-cr-138-jdp, at 17, the judgment of conviction from the 1992 case states that Jennings was convicted after pleading guilty to violating Minn. Stat. § 609.24, "simple robbery." Jennings has not submitted any evidence showing that he was charged or convicted of violating any statute besides § 609.24.

Jennings argues that he "aided and abetted" the robbery, but that he did not commit the robbery at issue. He says an acquaintance of his committed the robbery without any warning to Jennings. But as the Court of Appeals for the Seventh Circuit explained, "[t]he facts underlying Jennings' prior convictions are irrelevant." *United States v. Jennings*, 860 F.3d 450, 451 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 701 (2018). Jennings's conviction for simple robbery qualifies as a violent felony because the simple robbery statute, § 609.24, "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 453. Because Jennings pleaded guilty and was convicted of violating § 609.24, his simple robbery conviction was properly counted as a violent felony for purposes of the ACCA.

Because Jennings has failed to identify any error or new evidence that undermines the judgment, I will deny Jennings's motion to alter or amend the judgment. Because he has failed

to identify any violation of his constitutional rights, I will not grant Jennings a certificate of appealability from this order.

ORDER

IT IS ORDERED that:

1. Randall Jennings's motion to alter or amend the judgment, Dkt. 11, is DENIED.

2. Jennings is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered July 23, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge